**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-11162
3:97-CR-408-12-P

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERTO MANUEL GARCIA-GONZALEZ, also known as Tito,
also known as Alberto Lnu; OLGA BENITEZ
also known as Olga Osorio,

Defendants-Appellants.

Appeal from United States District Court
for the Northern District of Texas

December 13, 1999

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Garcia-Gonzalez and Benitez challenge various aspects of their convictions for marijuana trafficking. Having reviewed the briefs and carefully considered the arguments of counsel and pertinent portions of the record, we affirm in all respects.

Both appellants argue that the district court abused its discretion in admitting the testimony of Agent Marshall as to the meaning of drug "code" words. We find no abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States v. Griffith</u>, 118 F.3d 318 (5th Cir. 1997). Given the agent's professional background and experience, and the helpfulness to the jury of his identification of drug traffickers' code language, the court did not err in admitting his testimony.

There is sufficient evidence to support Garcia's conviction for use of a telephone to facilitate a drug trafficking offense. The appellant's conversation with Benitez, when taken in context with other evidence in the record, showed that he was supplying her money to acquire marijuana and that, within a couple of days, he did acquire marijuana for resale through her efforts.

The court did not abuse its discretion in denying Benitez's instruction concerning duress as a defense. Benitez did not establish a fact issue concerning two of the requirements for that duress, in that she demonstrated neither a "present, imminent, and impending threat of such nature as to induce a well-grounded apprehension of death or serious bodily injury," nor that she had no "reasonable legal alternative" to violating the law. <u>United States v. Posada-Rios</u>, 158 F.3d 832, at 873 (5th Cir. 1998).

Finally, there is no merit to Benitez's challenge to her offense level for sentencing purposes. The district court did not clearly err in calculating the amount of marijuana attributable to her, and it properly enhanced her offense level for possession of a firearm, for obstruction of justice based on perjured trial testimony, and for her managerial role in the drug conspiracy.

**AFFIRMED.**